IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

| | | |
|---|---|---|
| MODESTO SEGURA, Individually and as The Estate Representative of, LAURA SEGURA<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE and UNITED STATES OF AMERICA,<br><br>Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

1. Plaintiff, Modesto Segura, Individually and as the Estate Representative of Laura Segura, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages arising from Defendant the United States of America and Defendant the United States Postal Service (hereinafter "Defendants") for their negligence in failing to use ordinary care in an automobile collision that occurred between Laura Segura and a vehicle operated by the United States Postal Service, resulting in Laura Segura's wrongful death.

2. Defendant, the United States Postal Service, is a federal agency governed by the laws and statutes of the United States of America and may be served by delivering a copy of the summons and complaint to the Office of General Counsel. 45 L'Enfant Plaza SW, Washington, D.C. 20260 by certified mail, return receipt requested.

3. Defendant, the United States of America may be served by delivering a copy of the summons and complaint to Damien M. Diggs, United States Attorney for the Eastern District of Texas, 350 Magnolia Avenue, Suite 150, Beaumont, Texas 77701, and by sending a copy of the

summons and complaint by certified mail, to Merrick Garland, Attorney General for the United States of America, at 10th & constitution Ave., NW, Washington, D.C. 20530.

4. The matter in controversy exceeds, exclusive of interest and costs, the minimal jurisdictional requirements of this Court.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendants acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendants for money damages accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendants, if a private person, would be liable to the Plaintiff.

6. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et. seq.*

7. On March 6, 2024, Plaintiff submitted the claims set forth in this Complaint by registered mail in a Standard Form 95 as prescribed by the Department of Justice under 28 C.F.R. §14.2 to the appropriate federal agency, *i.e.,* the United States Postal Service, with supporting documentation, for administrative settlement under the FTCA requesting $4,500,000.00, to Mr. Jimmy A. Lopez, Tort Claims and Collections Specialist, United States Postal Service, located at 4699 Aldine Bender Rd., Suite 200, Houston, Texas 77315.

8. On March 14, 2024, the United States Postal Service, through Mr. Jimmy A. Lopez, Tort Claims and Collections Specialist, sent correspondence to Plaintiff acknowledging that it received Plaintiff's claim on March 11, 2024.

9. As of September 11, 2024, which is six (6) months after Defendant United States Postal Service received Plaintiff's claim, Defendant United States Postal Service had yet to address, rule upon, or otherwise dispose of Plaintiff's claim. Accordingly, this lawsuit is timely filed.

10. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of a "final denial" of the claim by the agency to which it was presented. Specifically, 28 U.S.C. § 2675(a) provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), in that the incident giving rise to the claim occurred in Port Arthur, Jefferson County, Texas, which is within this judicial district.

**Parties**

12. Plaintiff, Modesto Segura, is the surviving spouse of Laura Segura and is an adult citizen of the State of Texas residing in Groves, Jefferson County, Texas.

13. Defendant, United States of America, is the federal government and maintains principal offices in the City of Washington, D.C.

14. Defendant, United States Postal Service (USPS), is a federal government agency maintaining a principal place of business in the City of Washington, D.C.

15. Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

16. At all times material to this Complaint, Defendant, the United States Postal Service, by and through its agents, servants, workers, employees, and/or other representatives, acted on behalf of Defendant, United States of America, and with the full knowledge, consent, and authority of Defendant, United States of America.

**Statement of Claim**

17. Plaintiff Modesto Segura is the surviving husband of Laura Segura.

18. On November 20, 2023, Laura Segura was a pedestrian who was struck and killed by a United States Postal Service vehicle driven by United States Postal Service ("USPS") employee Julius Guillory.

19. The automobile/pedestrian collision occurred at 345 Lake Shore Drive, Port Arthur, Jefferson County, Texas.

20. At the time of the collision, USPS employee Julius Guillory was driving a 2022 white Mercedes Benz U.S. Postal Service vehicle.

21. At the time of the collision, Julius Guillory was working within the course and scope of his employment.

22. As a direct and proximate result of the Defendants' negligence in the operation of the U.S. Postal Service vehicle, Laura Segura was killed.

23. Defendant United States Postal Service has in its employ and/or agency drivers, over which it exercises control and supervision. At all times material to this action, Defendant

USPS authorized Julius Guillory, its agent and employee, to act for Defendant USPS when he committed the negligent acts alleged herein. Defendant USPS's agent and employee, Julius Guillory, accepted the undertaking of acting on behalf of Defendant USPS when he committed the negligent acts alleged herein. Defendant USPS had control over its agent and employee, Julius Guillory, when he committed the negligent acts alleged herein.

24.     The negligent acts of Defendant USPS's agent and employee, Julius Guillory, were committed while acting within the course and scope of his employment and/or agency with Defendant USPS. Thus, Defendant is vicariously liable for the actions of its agent and employee when he committed the negligent acts alleged herein.

25.     At all times material to this action, Defendant USPS had a non-delegable duty to operate its vehicles with ordinary care in order to protect pedestrians in the path of USPS routes on public roads.

26.     At all times material to this action, Defendant USPS, by and through its employee and/or agent, acting within the course and scope of his employment and/or agency, negligently breached the duty of ordinary care owed to Laura Segura, to-wit: by speeding well in excess of the posted speed limit; by failing to yield to a pedestrian who was located in an appropriate walkway area to cross the street; by failing to keep a proper lookout; for failing to pay proper attention; in failing to take proper evasive action; and, by failing to timely apply the brakes of the U.S. Postal Service vehicle.

27.     As a direct and proximate result of the aforementioned negligence on the part of the United States Postal Service, Laura Segura was struck and killed.  Plaintiff Modesto Segura seeks damages for Laura Segura's death.

**Damages**

28. Plaintiff incorporates herein by reference paragraphs 1 through 27, inclusive, as though such paragraphs were here provided in full.

29. Plaintiff Modesto Segura is bringing this claim for *inter alia*, wrongful death damages pursuant to Section 71.001 of the Texas Civil Practice and Remedies Code and survivorship damages on behalf of the estate of Laura Segura pursuant to Section 71.021 of the Texas Civil Practice and Remedies Code, as well as recovery of all other damages allowable under the Federal Tort Claims Act, all of which damages were proximately caused by the death of Laura Segura which was directly and proximately caused by Defendants' negligence, for which Modesto Segura hereby sues.

30. Plaintiff, Modesto Segura is the surviving husband of Laura Segura. He is authorized to bring this action pursuant to Section 71.004 of the Texas Civil Practices and Remedies Code. Laura Segura was forty-seven (47) years of age at the time of her death. She was in good health and enjoyed an active and energetic life. As a result of the death of Laura Segura, Modesto Segura has suffered loss by virtue of the destruction of the husband-wife relationship, including the right to receive love, affection, solace, comfort, society, emotional support, and happiness. Modesto Segura has suffered mental depression and anguish, grief, and sorrow as a result of the death of his wife, Laura Segura, and he is likely to continue to suffer in this manner for a long time in the future, if not for the duration of his natural life. For these losses, Modesto Segura seeks damages proximately caused by the negligence of the Defendants.

31. As a direct and proximate result of the above-described incident and the injuries sustained by Laura Segura, Plaintiff Modest Segura has been made to expend monies for Laura Segura's burial and funeral costs, in the amount of $6,525.50, for which Plaintiff hereby sues.

32. All of the damages sought in this Complaint are properly recoverable pursuant to the Federal Tort Claims Act.

WHEREFORE Plaintiff, Modesto Segura, demands judgment against the Defendants, individually, jointly, and severally, as follows:

a. Actual, compensatory, and statutory damages permitted under law;

b. Costs of suit;

c. Pre-judgment and post-judgment interest therein to the maximum extent allowed by law; and,

d. Such other relief as the court may deem just and proper.

Respectfully submitted,

MOORE LANDREY, LLP
905 Orleans Street Beaumont, Texas 77701
Telephone: (409) 835-3891
Facsimile: (409) 835-2707

*Tommy L. Yeates*

Tommy L. Yeates
Texas Bar Association No. 22151100
tyeates@moorelandrey.com

**ATTORNEYS FOR MODESTO SEGURA, INDIVIDUALLY AND AS THE ESTATE REPRESENTATIVE OF LAURA SEGURA**